IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERMAINE EASTER, | § | |
| TDCJ-CID NO.1333955, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-12-3460 |
| | § | |
| JONATHAN MOSES, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Officer Jonathan Moses deprived him of his personal property and that Assistant Warden Cornelius Smith failed to investigate thoroughly the facts to ensure that the property was returned. (Docket Entry No.1). For the reasons to follow, the Court will dismiss this case with prejudice.

BACKGROUND

Plaintiff alleges the following events gave rise to the pending complaint: On May 23, 2012, Officer Moses confiscated plaintiff's radio due to questionable ownership. (*Id*., page 4). Moses documented the confiscation on a state form and gave plaintiff a copy of the completed form. (*Id*.). The radio was not returned to plaintiff and he was instructed to contact the property room supervisor Officer Stephanie Curtis. Curtis indicated that she did not a copy of the confiscation form. (*Id*.). Plaintiff showed her his copy of the paperwork and Curtis indicated that that Officer Moses had used the wrong form for the confiscation. (*Id*.). Curtis explained that Moses did not follow the proper procedures by using the wrong form and, for this reason, she had no record of the confiscation. (*Id.*).

1

Plaintiff grieved the loss of his property and the improper confiscation but Assistant Warden Smith denied the grievance without conducting a thorough investigation. (*Id*.).

Plaintiff seeks injunctive relief to have the radio replaced and monetary damages. (*Id.*, page 6).

## DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because he is a prison inmate, plaintiff has no legally protected interest in the possession of personal property as a general matter. Prison officials may impose reasonable restrictions on the type and amount of personal property that inmates are allowed to possess while in prison. *See McRae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983). To the extent that Texas prisoners have a right to possess personal belongings, the deprivation of property implicates the Constitution only if such deprivation is accomplished without due process. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). When deprivation of property is occasioned by an official policy, an inmate must be afforded some combination of notice prior to the deprivation and an opportunity to be heard. *See Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

Plaintiff, however, does not complain that he was deprived of his property pursuant to an official policy, but that he was deprived of his property by Officer Moses's failure to use the correct form to document the confiscation. An inmate's claim that his property was wrongfully taken as the result of random and unauthorized act a by prison official is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt,* 451 U.S. at 541. According to this doctrine, a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at 533; *see also Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821-22 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine). Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95-96 (5th Cir. 1996); *see also* TEX. GOV'T

CODE §§ 501.007, 501.008.

To the extent that plaintiff complains that his property was wrongfully taken in a manner that was not sanctioned by prison policy, his claim has no basis in federal law because Texas provides an adequate post-deprivation remedy. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Therefore, plaintiff does not articulate an actionable claim against Officer Moses for which relief can be granted under 42 U.S.C. § 1983. *See id.; see also Leggett v. Williams*, 277 Fed. App'x 498, 500 (5th Cir. 2008) (holding that the plaintiff's claim that his property was confiscated and destroyed as an act of retaliation for his status as a writ writer was barred by the *Parratt/Hudson* doctrine).

Plaintiff's allegation that Assistant Warden Smith did not investigate his grievance or answer it to his satisfaction also fails to state a constitutional violation. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir.2005) (an inmate has no constitutional right to have his grievances investigated or resolved in his favor); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state").

Plaintiff's claims, therefore, against defendants Moses and Smith are subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

4

1. The present civil rights action is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). All claims against all defendants are DENIED.

2. All pending motions, if any, are DENIED.

It is so ORDERED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 25th day of March, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE